UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              CASE NO. 06-20621

v.                                             PAUL D. BORMAN
                                                   UNITED STATES DISTRICT JUDGE

ALEX ZAKHARIA,

       Defendant,
_____/

ORDER DENYING DEFENDANT'S MOTION TO DISMISS
COUNT EIGHT – 18 U.S.C. § 1623 - FALSE DECLARATION

Defendant Dr. Alex Zakharia contends that the perjury charge contained in Count Eight requires proof that he knowingly mad a materially false statement under oath; that neither a mistakenly false statement nor a response that is literally true can suffice. The Government does not contest this.

This case revolves around the fact that Defendant, a surgeon, was hired to testify as an expert in a civil case by a plaintiff who claimed medical malpractice in the performing of a surgical procedure known as a coronary artery bypass graft (CABG).

The United States contends that Count Eight of the indictment satisfies the legal requirements, that Defendant provided materially false sworn testimony on November 22, 2002, in a civil case in the instant Court, *Rogers v. United States*, Civ. # 91-72880, E.D.MI. More specifically, Count Eight contains excerpts from the Defendant's deposition testimony stating "I do a handful of coronary artery bypasses, maybe 10 a year or less . . .". Answering more specific

1

questioning, Defendant stated:

> Q. I'm talking about coronary artery bypass graft, such as the surgery that was done in this case.
> A. I follow you.
> Q. And you say you do about 10 a year?
> A. Nowadays I do about 10 a year, maybe one a month.

Thereafter Defendant testified that he performed the bypasses at either Cedars or Miami Heart Hospitals. When confronted with the records of both hospitals that Defendant allegedly had not performed such surgeries, Defendant responded "those records are wrong."

The final paragraph of Count 8 alleges that the Defendant's answers were material to the matters at issue. The Court concludes that the answers were material to the matter of issue – Defendant's expertise in conducting CABG surgery insofar as he was testifying as an expert in a case of malpractice relating to a CABG surgical procedure.

In the final paragraph of Count Eight, the indictment sets forth reasons why the answers were false:

1. Defendant had not performed CABG surgeries between 1996 and 2002.

2. Defendant was not the attending physician, and did not write or sign the operative note for any CABG surgeries during that time.

3. The hospital records were substantially correct.

The Court finds the allegations contained in Count Eight, as read in conjunction with the quoted portions of Defendant's deposition, satisfies the requirements established by the legal precedent.

The Court concludes that this prosecution is proper under the Supreme Court's standard set forth in *United States v. Bronston*, 409 U.S. 352 (1973). In this case, according to the facts set forth in the indictment, Defendant did not speak the literal truth, nor was he unresponsive to

the questions. The portions of the deposition set forth from Count Eight establish that the questioner did as required by *Bronston*: "The burden is on the questioner to pin the witness down to the specific object to the questioner's inquiry." *Id*. at 360.

Finally, contrary to Defendant's claim that the Doctor's testimony "did not find fault with the performance of the CABG procedure itself . . ." (Defendant's motion at page 3), the Doctor's testimony did indeed find fault with the performance of the surgery. At his deposition, pages 48, 49 and 50, Dr. Zakharia is testifying as an expert about matters "concomitant with CABG surgery." (Zakharia Deposition, November 22, 2002, Pp. 49-50. Again on Deposition page 56, Dr. Zakharia is testifying as to a procedure that should have been done before or during the CABG procedure. Thus, the Ninth Circuit decision in *Chein v. Shumsky*, 373 F.3d 978 (9th Cir. 2004) (en banc), where the testifying surgeon did not fault the performance of the surgical procedure, is not relevant.

For the afore stated reasons, the Court denies Defendant's Motion to Dismiss Count Eight.

SO ORDERED.

    s/Paul D. Borman  
    PAUL D. BORMAN  
    UNITED STATES DISTRICT JUDGE

Dated: July 30, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 30, 2007.

                                              s/Denise Goodine
                                              Case Manager