UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

No. 06-20621
District Judge Paul D. Borman
Magistrate Judge R. Steven Whalen

ALEX ZAKHARIA,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Alex Zakharia's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Docket #67], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On December 14, 2007, Dr. Zakharia pled guilty to a single misdemeanor count of contempt of court. The basic factual underpinning of the plea was that he gave false testimony when testifying as an expert witness in a case that was pending in the United States District Court for the Eastern District of Michigan.

A grand jury in this District indicted him on seven felony counts of mail and wire fraud, and one felony count of making false declarations under oath. Under the Rule 11 plea agreement, the government agreed to dismiss all eight felony counts and permit him to plead to a single misdemeanor count. In addition, the plea agreement provided that (1) Dr. Zakharia would retire from the practice of medicine; (2) he would draft and seek to publish in a professional journal a letter acknowledging his offense and his responsibility for it; (3) the government would recommend a downward departure of the sentencing

-1-

guidelines range to zero to six months.

Pursuant to Fed.R.Cr.P. 11, the Court properly advised Dr. Zakharia of all of the constitutional rights he would be waiving by his plea of guilty. (Tr. 12-14-07, 9-10). Dr. Zakharia acknowledged his understanding of the terms of the plea agreement. *Id*. 11-18. He stated under oath that he had discussed the matter with his attorney, and that he was satisfied with his attorney's advice and service. *Id*. 9. After providing a factual basis, he pled guilty "without reservation:"

> THE COURT: Okay. Guilty without reservation? No–in other words, before you said that you had some issues. Do you plead guilty without reservation? You accept guilt for this offense; is that correct? Yes or no?
>
> DR. ZAKHARIA*:* The answer is yes. *Id*. 24.

On March 7, 2008, the Court sentenced Dr. Zakharia to a term of one year probation, with the first 30 days to be spent in a halfway house. (Tr. 3-7-08, 20). In addition, the Court imposed fines and costs in the amount of $100,000.00. *Id.* 21. The Court subsequently ordered additional costs in the amount of $10,605.54. On appeal, the Sixth Circuit found that this additional amount was error, in that it increased the statutory maximum fine and costs. On remand, the total fines and costs were reduced to $100,000.00. (Doc. #66).

In the present *pro se* motion, Dr. Zakharia claims as follows:

> "I entered a guilty plea for one count of class A misdemeanor contempt of court without legal counsel explaining the complications and due to a medical condition that prevented attendance to trial namely a stroke. My lawyer did not follow my instructions to withdraw from the plea and had me signed [sic] Florida sanction forms which were not part of nor consistent with the plea and let me to loose [sic, lose] my Florida license with sanctions." Doc. #67, ¶ 12(a).

Dr. Zakharia does not specify what relief he is seeking.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the United States Constitution.  "[A] defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. U.S.* 157 F.3d 427, 430 6th Cir. 1998) (internal quotation omitted); *Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994).  To prevail under § 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir.2003).

Where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States,* 334 F.3d 520, 527 -528 (6th Cir. 2003), *citing United States v. Frady,* 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).  Furthermore, "The *Frady* cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding." *Ratliff v. United States,* 999 F.2d 1023, 1025 (6th Cir.1993).

## III.  DISCUSSION

Dr. Zakharia appears to argue three points in this motion. First, he claims that his attorney did not explain certain "complications" to him before he pled guilty.  Secondly,

-3-

he states that his lawyer did not follow his instructions to move to withdraw the plea. Third, his lawyer had him consent to sanctions by the State of Florida, which was not part of his plea agreement.

To the extent that Dr. Zakharia contends that his plea was involuntary, or that it was the product of the ineffective assistance of counsel, the record belies that claim.

The Sixth Amendment guarantees the accused in a criminal prosecution the right to the effective assistance of counsel. *Strickland* v. *Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* sets forth a two-part test for assessing claims of ineffective assistance. First, did the attorney make errors "so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment," 466 U.S. at 687. To establish deficient performance under this prong of *Strickland*, the defendant must show that his attorney's representation "fell below an objective standard of reasonableness." *Id.*, at 688. The second prong of *Strickland* examines whether the defendant was prejudiced by counsel's deficient performance. To meet the prejudice standard, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Where ineffective assistance is alleged in the context of a guilty plea, it must be shown that counsel's performance was deficient and that the deficient performance caused the defendant to reach a different decision regarding the plea. *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To satisfy the "prejudice" prong of *Strickland*, the defendant must show that, but for counsel's errors, he or she would not have pled guilty, but would have insisted on going to trial. *Hill*, 474 U.S. at 58-59;

*Warner* v. *United States*, 975 F.2d 1207, 1214 (6th Cir. 1992)(prejudice shown if defendant shows a reasonable probability that but for counsel's defective advice, he would not have pled guilty).

 Again, Dr. Zakharia stated under oath that he had discussed the matter with his attorney, and that he was satisfied with his attorney's advice and service. *Id*. 9. All of the terms of the Rule 11 agreement were placed on the record, and Dr. Zakharia confirmed that he understood the agreement, and that he was pleading guilty without reservation. While he states in his motion that his attorney failed to explain "complications," he does not indicate what those "complications" are or how they would have changed his decision to plead guilty. Moreover, the plea agreement negotiated by his attorney was extremely favorable: dismissal of eight felony counts in exchange for a plea to a single misdemeanor, with a government recommendation of a zero to six month sentencing range. Dr. Zakharia has not only failed to show, under the first prong of *Strickland*, that his attorney's performance was deficient, but has also failed to show, under the second prong of *Strickland* and *Hill v. Lockhart*, that he was prejudiced, that is, that absent the alleged deficiencies of his attorney he would in fact have elected to go to trial.

 Dr. Zakharia also complains that his attorney had him sign "sanction forms" that resulted in the loss of his medical license in the State of Florida. Of course, as part of the plea agreement, Dr. Zakharia agreed to retire from the practice of medicine, so it is unclear why he requires a medical license.  But in any event, he stated at the plea proceeding that he understood that his plea did not prevent any civil or administrative actions against him (Tr. 12-14-07, at 17).  Whatever action the State of Florida took, with or without his consent, is irrelevant to the competence of his lawyer in the criminal case or to the integrity of his plea.

What Dr. Zakharia has shown is an apparent case of buyer's remorse. What he has not shown is that his lawyer was ineffective or that his plea was not knowing and voluntary. Therefore, the present motion should be denied.

### IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Docket #67] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: October 22, 2013                     s/ R. Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 22, 2013, electronically and/or by U.S. mail.

                                             s/Michael Williams
                                             Case Manager to the
                                             Honorable R. Steven Whalen